NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re VIRTAMOVE, CORP.,**
*Petitioner*

---

2025-130

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 7:24-cv-00033-DC-DTG, Judge David Counts.

---

**ON PETITION**

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

## O R D E R

VirtaMove, Corp. brought this patent infringement suit against Google LLC in the Midland/Odessa Division of the United States District Court for the Western District of Texas (WDTX), but the court transferred it to the United States District Court for the Northern District of California (NDCA) under 28 U.S.C. § 1404(a), emphasizing NDCA's local interest in resolving the dispute and comparative convenience for potential witnesses. VirtaMove now seeks a writ of mandamus to vacate that transfer order.

We have authority to grant a writ of mandamus as "necessary or appropriate in aid of" our jurisdiction, 28 U.S.C. § 1651(a), but the petitioner bears a heavy burden. It must show: (1) "no other adequate means to attain the relief [it] desires," (2) a "clear and indisputable" right to relief, and (3) that the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). In reviewing § 1404(a) transfer decisions, we apply regional circuit law and grant relief only where there is a "clear" abuse of discretion that produced a "patently erroneous result." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). We conclude this standard is not met.

The district court concluded that the willing witnesses factor here weighed in favor of NDCA based on Google having "clearly demonstrated that [several of] its relevant employees are concentrated in NDCA and Seattle, with most working in or near San Francisco," Appx3, compared to one potential witness in WDTX located more than 300 miles from the relevant courthouse. Appx1140, Appx1358. VirtaMove challenges that determination based on potential witnesses VirtaMove identified in the eastern United States and eastern Canada that the court noted are "geographically closer to WDTX than NDCA" but would still "have to travel well over 100 miles to either district." Appx3. VirtaMove contends the district court misapplied the 100-mile rule by finding this factor weighed in favor of transfer despite those potential witnesses. We disagree.

The Fifth Circuit has recognized that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue . . . is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen*, 545 F.3d at 317 (citation omitted). And it has relied on that "rule" to assess convenience for potential witnesses, even if they reside a significant distance away from both forums.

*See In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023) (faulting the district court for not considering the 100-mile rule for potential witnesses located in China). But it has never suggested, let alone held, that a district court must ignore common-sense and require all witnesses travel a significant distance when transfer would allow a significant number of witnesses to testify near home.

VirtaMove has not shown a clear and indisputable right to use the 100-mile rule in a way that would force such an inconvenient result. In fact, this court has repeatedly rejected such an approach. *See In re Apple Inc.*, 979 F.3d 1332, 1341 (Fed. Cir. 2020) (rejecting the district court giving more weight to two potential witnesses who would need to travel a significant distance to either forum at the expense of several witnesses in transferee forum); *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (noting that witnesses traveling from Europe, Iowa, and the East Coast would be only "slightly more inconvenienced by having to travel to California" than to Texas). VirtaMove cites no Fifth Circuit case to the contrary.[1]

VirtaMove also contends that under *In re Clarke*, 94 F.4th 502 (5th Cir. 2024), Google had to show at the early stages of litigation that it would "actually" call these individuals at trial, not just that these potential witnesses have

---

[1]    VirtaMove cites *TikTok*, but, if anything, that case supports transfer here. In that case, the Fifth Circuit compelled transfer from WDTX to NDCA where the bulk of witnesses were in China, explaining that "[t]he presence of one Texas witness cannot overcome the immense inconvenience that the majority of witnesses would face if this case were to be tried in Texas." 85 F.4th at 361–62. Given Google here identified a significant number of potential witnesses residing in the transferee forum, the case for transfer is even stronger than it was in *TikTok*.

relevant and material information. But it misreads *Clarke*, where the Fifth Circuit merely noted that, for purposes of showing good cause for transfer, a movant must show the overall marginal gains in convenience will be "*significant*" and "clearly demonstrate[]" they will "*actually* materialize in the transferee venue." *Id*. at 508. VirtaMove's take on *Clarke* not only "confuses [the] burden of demonstrating that the transferee venue is clearly more convenient with the showing needed for a conclusion that a particular . . . factor favors transfer," *Apple*, 979 F.3d at 1340, but also ignores that the Fifth Circuit, sitting en banc, rejected the argument that a party must identify what witnesses they would actually be calling at trial and the specific testimony they would provide, *Volkswagen*, 545 F.3d at 317 n.12.

VirtaMove's challenge to the district court's assessment of the local interest factor is similarly unconvincing. VirtaMove does not dispute that, between the two forums, only NDCA has any meaningful connection to the design, development, and testing of the accused products. It, nevertheless, contends the factor is neutral because Google offers its accused products nationwide. But this argument misses the point. Google's design and development of the accused products in NDCA specifically ties that venue to "the events that gave rise to [the] suit," *see Def. Distrib. v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022) (citation omitted), giving the citizens of NDCA "a greater stake in the litigation," *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022) (cleaned up). That Google offers the accused products nationwide does not give WDTX any comparable local interest. *See Volkswagen,* 545 F.3d at 318; *see also In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue[.]").

Finally, VirtaMove criticizes this court for allegedly deviating from how the Fifth Circuit has treated the court congestion factor. In particular, VirtaMove notes that in

IN RE VIRTAMOVE, CORP.                                          5

*In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023), we held that court congestion was not entitled to significant weight there because the plaintiff was "not engaged in product competition in the marketplace and [wa]s not threatened in the market in a way that, in other patent cases, might add urgency to case resolution and give some significance to the time-to-trial difference." VirtaMove argues that such differences "always matter[]" under Fifth Circuit law. Pet. at 13; But it fails to cite any contrary caselaw and, more importantly, fails to explain how a different approach would lead to a different result than the one reached by the trial court on this factor. *See In re Chamber of Com. of the U.S.*, 105 F.4th 297, 310 (5th Cir. 2024) ("Parties' assertions that their case needs to be decided quickly should not affect the weight of this factor" absent "special circumstance[s.]"); *cf. Clarke*, 94 F.4th at 515 (declining to give dispositive weight to this factor).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT



Jarrett B. Perlow
Clerk of Court

September 11, 2025
Date